# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 1018 | DATE | 12/8/2000 |
| CASE TITLE | Wayne E. Jensen vs. Rex L. Oliver | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Motions in Limine are granted or denied for the reasons stated in the Memorandum Opinion and Order. ENTER MEMORANDUM OPINION AND ORDER

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 8 2001 | |
| | Notified counsel by telephone. | | date docketed | 100 |
| ✓ | Docketing to mail notices. | | mw | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| PAMF | courtroom deputy's initials | 01 JAN -5 AM 11:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| WAYNE E. JENSEN,<br><br>                Plaintiff,<br><br>v.<br><br>REX L. OLIVER,<br><br>                Defendant. | No. 97 C 1018 |
| WAYNE E. JENSEN,<br><br>                Counter-Plaintiff<br><br>v.<br><br>L.R. OLIVER & CO., INC., and LLOYD R. OLIVER,<br><br>                Counter-defendants. | consolidated with<br><br>No. 98 C 4268<br><br>The Hon. David H. Coar |

**DOCKETED JAN 0 8 2001**

## MEMORANDUM OPINION AND ORDER

Five motions *in limine* are before this Court. The relationship between the parties and the events leading up to this litigation have been discussed elsewhere, see L.R. Oliver & Co. v. B. & J. Mfg. Co., No. 98 C 4268, 1999 WL 965460 at *1-2 (N.D. Ill. Sept. 30, 1999) and Jensen v. Oliver, No. 97 C 1018, 1998 WL 673829 at *1 (N.D. Ill. Sept. 23, 1999), so the Court will only relate the facts of these consolidated cases as they relate specifically to these motions. To decide these motions, this Court is guided by the oft-stated principle that to prevail on a motion to bar evidence before trial, the movant bears the burden of showing that such evidence is "clearly inadmissible" for any purpose. E.g., Plair v. E.J. Brach & Sons, Inc., 864 F.Supp. 67, 69 (N.D.Ill.1994). With that principle in mind, the Court addresses each of the five motions below.

I.     **Jensen's Motion to Bar Personal Attack Evidence**

Jensen has moved to bar the introduction of certain "personal attack evidence." Jensen has also moved to strike certain matters raised in the defendants' response to his motion. Jensen

specifically seeks to preclude evidence of Jensen's: (1) adulterous affair with Rex's mother; (2) other various sexual affairs; (3) failure to pay royalties; (4) wealth and its sources; and (5) interests in other businesses and transactions with those businesses.

In response, the Lloyd Oliver defendants (Lloyd R. Oliver and L.R. Oliver & Co., Inc.) argue that Jensen's affair with Rex's mother is relevant to show his hatred of Lloyd, which in turn shows bias. Jensen argues that whatever probative value this evidence might have, it is outweighed by the risk of unfair prejudice. At the initial final pretrial conference, this Court deferred ruling on the issue in light of the parties' agreement to stipulate only to the fact of the relationship. The parties have not, however, entered into such an agreement. Since the risk of unfair prejudice substantially outweighs any probative value that such evidence might have, the Court bars testimony or other evidence regarding Jensen's affair with Mrs. Oliver. See Fed. R. Evid. 403.

With respect to Jensen's other extra-marital affairs, Rex claims that they "negatively impacted the . . . relationship between Jensen and Oliver . . . ." (Rex Resp. 2) The transcript portions cited, however, say nothing regarding Jensen's feelings toward Rex. They merely state that Jensen's relationships bothered Rex. Rex's bias against Jensen, however, is not at issue. These other extramarital affairs are not relevant and the parties are precluded from introducing evidence of them at trial.

The Lloyd Oliver defendants also argue that Jensen's business dealings and his "long history of meddling in the [Oliver's] family affairs" are relevant to rebut the assertion that Jensen is an "innocent investor" (Lloyd Resp. 3) and to show that Jensen knew that "Rexco was a failing business and would cease to exist without a substantial infusion of additional capital." (Lloyd Resp. 4) In a similar vein, Rex claims that the "hatred evidence" shows Jensen's "motivation behind creating and operating Rexco was not based on sound business practices but was simply a foolish attempt to

punish Lloyd, by stealing LRO's customers." (Rex Resp. 3) Rex also claims that Jensen's wealth rebuts Jensen's claim to being an "innocent investor."

With respect to Jensen's alleged "long history of meddling in the [Oliver's] family affairs," the Lloyd Oliver defendants have not provided any logical link to this conduct and the "innocence" of Jensen as an investor or to any other issue in the case. This evidence will be precluded.

Also with respect to the "innocent investor" characterization, Rex's counterclaims for breach of fiduciary duty depend on the existence of a fiduciary relationship between Jensen and Rex. As this Court noted on summary judgment, a factual issue for trial is "whether Jensen exercised actual control and direction over the management of Rexco." (9/22/98 Mem. Op. and Ord. at 9). While Jensen's control over Rexco is at issue, his wealth or business dealings *outside* of Rexco are not relevant to his dealings *with* Rexco. Jensen's wealth (including his income for the past several years) relative to Rex's salary is also irrelevant. Absent some other showing of relevance, Jensen's motion in this respect is GRANTED and evidence of Jensen's wealth and its sources will be excluded. Although there is an overtone of relevance to Jensen's business dealings to show the degree of business sophistication that Jensen has, the parties will not be permitted simply to portray Jensen as "the rich guy."

Additionally, all defendants argue that the motion should be denied because it "references and relies upon an obviously privileged communication." (Lloyd Resp. 4) Nowhere, however, is there any suggestion that the production of an attorney-client privileged document, inadvertent or otherwise, negates the merit of Jensen's points regarding the exclusion of certain evidence. If the memo was produced inadvertently (an issue on which the Court makes no factual findings), and contains material protected by the attorney-client privilege, then it should be returned to the Lloyd Oliver defendants. See, e.g., Resolution Trust Corp. v. First of America Bank, 868 F. Supp. 217,

219 (W.D. Mich. 1994) (citations omitted), but the fact that it might have inadvertently revealed irrelevant evidence does not make other irrelevant or prejudicial evidence admissible.

Finally, in response to the defendants' responses, Jensen moved to strike impertinent and scandalous matter from the Lloyd Oliver defendants' Response to Jensen's Motion to Bar Personal Attack Evidence. The sole basis for striking this material from the defendants' papers is that the accusations are not factually supported in the motion. Jensen, however, has not cited any authority indicating that the relief he seeks is proper. At this time, the motion is DENIED and any decision regarding admission of this evidence is best left to trial.

## II.    Jensen's Motion to Bar Improper Expert Reports

Jensen challenges three of four reports submitted by the defendants' expert John Stockdale. With respect to the first two reports, the Court DENIES Jensen's motion at this time, but with respect to the third report the Court GRANTS Jensen's motion.

### A.    Analysis of Costs Incurred by Rex Oliver

Jensen seeks to bar the testimony of costs incurred by Rex on the ground that it is irrelevant because this Court dismissed all but one of his counter claims. Rex counters that the report will be used to "[1] defend against Jensen's claims and ridiculous inferences that he was the only party to have lost money as a result of Rexco's failure . . . and . . . [2] to support Oliver's claim for damages as a result of Jensen's [b]reach of [f]iduciary [d]uty." (Rex. Resp. 2). The report and related testimony will not be admitted simply to show that others may have lost money in the Rexco venture. Whether Jensen was the only person who lost money is itself irrelevant.

As to the second point, Jensen says these damages are not part of the remaining counterclaim, but does not say why. Oliver does not respond directly to this challenge, but states that it is part of damages. No party explains the correctness of its position or refutes the correctness of the contrary

-4-

position. To prevail on his motion to bar evidence before trial, Jensen bears the burden of showing that such evidence is "clearly inadmissible" for any purpose. E.g., Plair, 864 F.Supp. at 69. He has not carried that burden. This aspect of the motion is therefore DENIED at this time.

B. Analysis of the Failure of the Rex Oliver Company (Rexco)

Jensen challenges this report because the opinion it renders – that Rexco purportedly "failed" and that Jensen purportedly caused the failure – are not matters within the scope of Stockdale's expertise and are not proper subjects for expert testimony. Defendants counter that the expert opinion is proper to refute Jensen's claim that their allegedly wrongful conduct caused Jensen's losses and instead show that Jensen's own conduct caused his losses. Neither side has cited a single case either for or against admission of such expert testimony. While defendants would bear the burden of showing admissibility at trial, see, Muzzey v. Kerr-McGee Chemical Corporation, 921 F.Supp 511, 518 (N.D.Ill 1996); Bradley v. Brown, 852 F.Supp. 690, 697 (N.D.Ind.), aff'd, 42 F.3d 434 (7th Cir.1994), to exclude evidence before trial Jensen must show that the evidence is "clearly inadmissible" for any purpose. E.g., Plair, 864 F.Supp. at 69. At this stage, Jensen's motion is DENIED. If defendants wish to introduce certain opinions at trial, they must be prepared to meet Jensen's specific objections and show how they are admissible under the federal rules.

C. Analysis of the Effect of LRO Co. of Actions by Rex Oliver 1993-1996

Jensen challenges the report regarding LRO's losses as irrelevant. Oliver argues that they are relevant to show that the two company's had the same customers and that the sales gained by Rexco were roughly equal to the sales lost by LRO. What LRO lost though, is not relevant to any issue in this case, even if it correlates to what Rexco gained. This aspect of Jensen's motion is GRANTED. This is not to say that the parties cannot show that the two entities had the same customer base, but the simple fact that LRO lost money is irrelevant.

## III. Rex Oliver's Motion to Exclude Plaintiff's [Jensen's] Expert

Oliver challenges the report and future testimony of Jensen's expert, Joe Gemini both on Daubert grounds, see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and on the grounds that Gemini is not qualified to give expert testimony on lost profits. First, the Court REJECTS Oliver's challenge to Gemini's qualifications. Gemini is a C.P.A., and an M.B.A.. He has calculated and testified to the value of businesses and amounts of damages in previous cases. Oliver has cited no authority indicating that these qualifications are insufficient. Cf. Price v. Code Alarm, Inc., No. 91 C 699, 1992 WL 390895, at *4 (N.D. Ill. Dec. 16, 1992) ("Whether a witness qualifies as an expert is committed to the sound discretion of the trial court, and a party challenging the exclusion of an expert bears a heavy burden.") (citing Baumholser v. Amax Coal, 630 F.2d 550, 551 (6th Cir.1980)).

Second, the Court REJECTS Oliver's challenge to the *technique* that Gemini employed in his calculation. In fact, Oliver doesn't actually challenge Gemini's technique. Rather, Oliver challenges the factual assumptions upon which Gemini bases his opinion. (Rex. Mot. at 3) ("Gemini's analysis *is a lost profits analysis*, but it is not based on any history or any reasonable future projections.") Jensen has offered plausible factual bases for the assumptions that Gemini chose. If Oliver wishes to refute these assumptions, it can do so at trial.

Also, Oliver says that Gemini hasn't offered an acceptable basis for calling Rexco's lost profits Jensen's damages. Jensen responds that he was entitled to all of the Rexco profits as a matter of fact and law, wholly apart from any lost profits analysis. While Jensen's entitlement to all of the Rexco profits is an underlying assumption of Gemini's opinion, is not the "technique" by which he arrived at his lost-profits calculation. It is an assumption that Jensen will need to support at trial, but

is not a basis for excluding Gemini's opinion. For these reasons, the Court DENIES this motion in its entirety.

**IV.      Jensen's Motion to Bar Evidence of Dismissed Counterclaims**

Jensen's motion is based on two arguments: first, that evidence should be limited to the only surviving counterclaim which is for "failing to participate reasonably in the dissolution of Rexco and the sale of its assets" and second that the counterclaim is worthless and all evidence should be dismissed.

As to the first point, this Court clearly stated in earlier memorandum opinion and order that "whether Jensen exercised actual control and direction over the management of Rexco" is still at issue. Jensen, supra, 1998 WL 673829 at *5. The defendants correctly assert that to show that Jensen owed a fiduciary duty they are entitled to present evidence regarding "the funding of Rexco, the decision[]making at Rexco, the management of Rexco, etc. throughout Rexco's existence . . .." (Rex Resp. 3) (joined by the Lloyd Oliver defendants). Also, to the extent that Rex has alleged that Jensen breached a fiduciary duty by failing to "provide funds to support a competitive payroll," (Countercl. ¶ 35) he is permitted to introduce evidence on this point as well notwithstanding this Court's slightly narrower characterization of Rex Oliver's counterclaim in the summary judgment opinion.

With respect to Jensen's second point, he is essentially arguing for summary judgment based on a purported inability to show damages. While this is a proper basis for seeking summary judgment, the time has come and gone for presenting such motions. Jensen is free to introduce evidence and argue that there are not any damages associated with in Rex's claim, but this does not preclude Rex from presenting contrary evidence to show both liability and damages. Both aspects of Jensen's motion are DENIED.

## V. Defendants' Motion in Limine Regarding Claims of Privilege

The Lloyd Oliver defendants moved to bar Jensen from "testifying at trial *or offering any other evidence* as to any and all matters to which he refused to provide an answer at deposition based on attorney-client privilege and/or work product doctrine." (Lloyd Mot. 1) (emphasis supplied) In support of their contention, they cite several cases that prohibited testimony on matters where privilege was asserted and discovery was precluded. See, e.g., International Telephone and Telegraph Corp. v. United Telephone Co. of Fla., 60 F.R.D. 177, 186 (M.D. Fla. 1973); see also Torres v. 100 N. LaSalle Partnership, No. 80 C 6454, 1983 U.S. Dist. Lexis 10343, at *2 (N.D. Ill. Dec. 29, 1983). While Jensen asserted privilege in response to many of defendants' questions, the cases upon which defendants rely do not provide the sweeping prohibitions of evidence that the Lloyd Oliver defendants seek.

Jensen would be precluded from testifying about *communications* between himself and counsel or about matters (but not facts) where he refused to testify based on privilege or immunity, but Jensen disclaims any intent to testify as to these matters. Similarly, Jensen would be precluded from testifying as to matters outside of his personal knowledge (i.e., those matters about which his only knowledge is from his attorneys). This is entirely different, however, from saying that Jensen can not offer *any* evidence as to these matters. At this point, this motion is DENIED, but the Court will entertain challenges to specific testimony at trial.

## Conclusion

The motions in limine are GRANTED or DENIED for the reasons stated above.

Enter:

_____
David H. Coar
United States District Judge

Dated:    December 8, 2000